## Case No. 6,008.

### HAMPDEN BANK v. MORGAN et al.

[2 Haz. Reg. U. S. 57.]

Circuit Court, S. D. New York. Jan., 1840.

SPECIAL PARTNERSHIPS—GENERAL LIABILITY—WITHDRAWAL OF CAPITAL.

[1. The use of the word "Company" in the title of a firm formed as a special partnership under the New York statute renders all the partners liable as general partners.]

[2. A special partner, who has withdrawn any part of his capital from the firm, is liable, at suit of creditors, to pay it back.]

This was an action [by the president, directors, and company of the Hampden Bank against Edward M. Morgan, Henry F. Morgan, Knowles Taylor, and William H. Jessup] to recover about $14,000, being the balance of an account. The action, though nominally against all the defendants, was virtually but against Knowles Taylor, the other parties making no defense. On the part of Taylor the defense set up was that he had been only the special, and not general, partner of the other defendants, and as such, was not liable in the present action. It appeared that in the latter part of December, 1836, Taylor and the other defendants formed a partnership, in which it was agreed that Taylor was to put in $75,000 and be only a special partner. This partnership was advertised in the usual way, and the other requisitions of the law complied with as the defendant alleged. The advertisement announced the formation of the partnership under the different names which composed the firm, and also contained the word "Company," and it was now contended that the use of the word "Company" was contrary to the express provisions of the statute relative to special partnerships, and rendered all the members of the firm general partners. It was also alleged that there was not sufficient proof of Taylor's having put in a cash capital of $75,000, and that if he had done so, he afterwards withdrew it. In proof of the latter allegation, it was shown that during the existence of the firm, which failed in about three months after its commencement, Taylor had obtained small sums at various times from the firm. But in relation to his having paid into the firm the cash

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirming Case No. 6,005.]

capital of $75,000, it was so fully proved as to admit no doubt of it. It was also contended on the part of the plaintiff, that the certificate of the partnership had not been sworn before the proper officer, as it was sworn before the recorder, who is not a judge of the county court within the meaning of the law.

D. D. Field, for plaintiffs.

E. H. Blatchford and G. G. Moore, for defendants.

THE COURT (BETTS, District Judge), charged the jury that it was conceded that a cash capital must be paid bona fide by the special partner, and if he fails to do so, he is to be considered a general partner. But the court held that the certificate and affidavit was prima facie evidence that the money had been paid, and required no further evidence until this proof was impeached by the other party, and evidence adduced on their part to show that the money never had been paid. But in the present case, besides the certificate and affidavit the defendant had also produced other proof that ne paid the money. If the jury found the fact that the defendant had not paid in the capital, they should on that ground find a verdict for the plaintiff.

The court also ruled that the word "Company." in the title of the firm, rendered the defendant and all the other members of it general partners.

The court considered that the withdrawal of part of his capital only rendered the defendant responsible to pay it back, but in order to raise the point of law, it was necessary to ascertain the fact, and the jury were to say whether he had withdrawn any part of his capital.

The jury would, therefore, find two facts, whether the defendant had paid in the capital, and whether he had withdrawn any part of it. And then on the other questions of law involved in the case, the jury would, under the direction of the court, find a verdict for the plaintiff.

The jury find that the sum of seventy-five thousand dollars was paid into the concern of E. M. Morgan & Co. by the defendant, Knowles Taylor. They find also that no part of said money has been withdrawn by the said defendant. And under the charge of the court, they find a general verdict for plaintiff in the sum of $14,116.29.

HAMPDEN STOCK & MUT. FIRE INS. CO. (EDDY STREET IRON FOUNDRY v.). See Case No. 4,277.

HAMPTON (ROUSE v.). See Case No. 12,-088.

HANAN, The NATHAN. See Case No. 10,-029.

HANBERRY (GREEN v.). See Case No. 5,-759.